IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

**W.R. GRACE & CO., et al.**

| | | |
|---|---|---|
| **Official Committee of Asbestos Personal Injury Claimants, et al.,** | ) ) ) | |
| Appellants, | ) ) | Civil Action No. 06-689 |
| v. | ) ) | |
| W.R. Grace & Co., et al., | ) ) | |
| | ) | Bankruptcy Case No. 01-1139 |
| Appellees. | ) | Appeal No. 06-63 |

### APPELLANTS' MOTION TO EXPEDITE REVIEW OF APPEAL

Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Orrick, Herrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,
Future Claimants' Representative*

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

Scott L. Baena
Jay M. Sakalo
Matthew Kramer
Bilzin Sumberg Baena Price &
Axelrod LLP
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
Telephone: (305) 374-7580

Theodore J. Tacconelli (#2678)
Lisa L. Coggins (#4234)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555

*Counsel for the Official Committee of
Asbestos Property Damage Claimants*

Dated: December 1, 2006

David T. Austern, the court-appointed legal representative for future asbestos claimants (the "FCR"), the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee," and together with the FCR and the ACC, the "Asbestos Constituents" or "Appellants"), by their respective counsel, respectfully submit this motion (the "Motion") seeking expedited review of their appeal (the "Appeal") from Order of the United States Bankruptcy Court for the District of Delaware's (the "Bankruptcy Court") Order extending W.R. Grace & Co.'s (collectively, the "Debtors" or "Appellees") exclusive periods in which to file and solicit votes on a chapter 11 plan through July 2007 (the "Order").[1]

**Preliminary Statement**

The Debtors are presumptively entitled to "exclusive" periods of 120 days in which only they can file a plan of reorganization and another 60 days to obtain acceptance by their creditors. 11 U.S.C. § 1121(d).  These exclusive periods may be extended for "cause."  Id.  Such extensions, given the initial total statutory limit of six months, are inherently transitory, i.e., they are also only for a period of months.  These extension orders, entered as they are during the pendency of a bankruptcy case, are also, by their nature, interlocutory.  Since 1994, however, such orders may be appealed as of right.  28 U.S.C. § 158(a)(2).  Absent that right, any appeal would be rendered moot by the passage of time needed to obtain leave to appeal.  For the same reason, i.e., the transitory nature of exclusivity orders, courts recognize that appeals of such orders should be expedited to ensure that there is, in fact, substantive and meaningful appellate review.  Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re

---

[1] The Asbestos Constituents do not seek an expedited briefing schedule.  By operation of Rule 8009 of the Federal Rules of Bankruptcy Procedure, the Debtors' appellate brief is due December 18, 2006 and any reply brief is due December 28, 2006.  Fed. R. Bankr. P. 8009(a).

Henry Mayo Newhall Mem'l Hosp.), 282 B.R. 444, 449 (B.A.P. 9th Cir. 2002) (same). Without such expedited review, the right of appeal, conferred by Congress, is rendered illusory.

In this case, in October 2006, the Bankruptcy Court extended, for the ninth time, the Debtors' exclusive periods. The Bankruptcy Court did so notwithstanding the fact that the Debtors' cases have been pending since April 2001, the Debtors have no confirmable plan of reorganization on file, and the Debtors failed to reach a consensus with their creditors that would give rise to a confirmable plan even after a three-month court-ordered mediation that ended in June 2006. Now, by virtue of that Order, the Debtors' exclusive period to file a confirmable, consensual plan expires in July 2007. This ensures that the Debtors will not emerge from bankruptcy until at least 2008, to the detriment of all creditors, who are currently barred by the automatic stay, from taking action to recover on their claims against the Debtors.

The Asbestos Constituents believe that if they are allowed to file a competing plan in early 2007, either that plan could be confirmed in short order or the Debtors would finally concede points in their own plan that would result in it being confirmed. This would facilitate the Debtors' exit from chapter 11, the overarching goal of any bankruptcy. Absent expedited review, however, this Appeal, and the benefits that could accrue from it, would be rendered moot. Accordingly, the Asbestos Constituents respectfully request that this Court expedite any hearing on, and disposition of, their Appeal.

## Background

The Asbestos Constituents' appellate brief, filed contemporaneously with this Motion, provides a detailed factual background to this case. Thus, to avoid duplication and unnecessarily occupying the Court's time, the Asbestos Constituents respectfully refer the Court to that background and incorporate it herein. The key fact for the Court's consideration, however, is that, as noted, the Debtors' exclusive period to file a plan of reorganization, by virtue of the

Order from which the Asbestos Constituents take this Appeal, currently expires July 2007, seven months from now.

## **Legal Argument**

Orders extending exclusivity are unique among bankruptcy appeals because they are the only category of interlocutory orders that may be appealed as of right. See Henry Mayo, 282 B.R. at 448 (citing 28 U.S.C. § 158(a)(2)). The right of appeal was added to the Judicial Code by Congress in 1994. See Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106, 4108 (1994). Congress took this action because "there was a perceived abuse in the practice of some courts routinely extending exclusivity without required proof of 'cause,' in circumstances that were effectively unreviewable due to the difficulty of obtaining leave to appeal, and [this] upset the balance of competing interests reflected by the 120 and 180-day periods in § 1121." Henry Mayo, 282 B.R. at 449. As the House Committee rightly observed: "undue extension can result in excessively prolonged and costly delay, to the detriment of creditors." H.R. Rep. No. 103-835, at 36 (1994), reprinted in, 1994 U.S.C.C.A.N. 3340, 3344.

As the Ninth Circuit Bankruptcy Appellate Panel recently noted in Henry Mayo the fact that Congress took the extraordinary step of authorizing appeals of right from interlocutory exclusivity orders shows that Congress meant for courts to take steps to assure that appeals from such orders are resolved on the merits and in a manner that does not make the right of appeal illusory. 282 B.R. at 449. Thus, in Henry Mayo, the court granted the appellants' request for expedited review. In so doing, the court reasoned that exclusivity orders are inherently transitory and easily mooted by the passage of time. Id. Further, "[i]n order to avoid reducing the right of appeal to an illusion, it follows that we are obliged to resolve such appeals with dispatch." Id. at 450 (citing Gross & Redmond, 69 AM. BANKR. L.J. at 293 ("If the amendment to § 158 is to be effective, there must be an expeditious appeal.")). See also id. at 450 ("The ephemeral nature of

4

exclusivity adjustments that are easily mooted by time and tide compels the conclusion that we must fix expedited schedules for timely, substantive appellate review regardless of whether we think the appellant is likely to succeed on the merits.").

For the same reasons, good cause exists here for expedited review of this Appeal. The Debtors' continued exclusivity, more than five and a half years into this case, is an absolute bar to the Asbestos Constituents' ability to file a competing plan, which plan will accelerate these cases to resolution. The longer the Debtors are permitted to cling to exclusivity, the longer these cases will languish and the longer the real victims (i.e., the asbestos claimants) will suffer without any recourse to the Debtors. In addition, an expedited disposition of this Appeal, if successful, will result in judicial economies. Currently, the Bankruptcy Court will not be in a position to estimate all asbestos personal injury liabilities until June 2007, at the earliest, and the only plan of reorganization that will be on the table at that time will be the Debtors' unconfirmable plan. As a result, instead of proceeding directly to confirmation following the results of the estimation, the parties will have to expend additional time and resources litigating the confirmability of the plan and then preparing and filing further plans. Under this scenario, the Debtors will continue to languish in chapter 11 through at least mid-2008. Expedited review of this Appeal could result in termination of the Debtors' exclusive periods and the filing of competing plans in early 2007. The estimation and plan process for both plans could then proceed on parallel tracks.

Finally, in contrast to the harm to the Asbestos Constituents from the continued delay in reorganization, the Debtors will not be prejudiced by the Court's expedited consideration. The termination of the Debtors' exclusivity does not end their chances for reorganization. See, e.g., In re All Seasons Indus., Inc., 121 B.R. 1002, 1005 (Bankr. N.D. Ind. 1990) (stating that "[d]enying such a motion only affords creditors their right to file the plan; there is no negative

effect upon the debtor's co-existing right to file its plan"); In re Grossinger's Assocs., 116 B.R. 34, 36 (Bankr. S.D.N.Y. 1990) ("loss of plan exclusivity does not mean the debtor is foreclosed from promulgating a meaningful plan of reorganization; only that the right to propose a Chapter 11 plan will not be exclusive with the debtor").  Rather, if the Debtors' exclusive periods are terminated promptly, competing plans can be filed now and voted upon, with the winning plan quickly confirmed.

### No Separate Memorandum of Points and Authorities Required

This Motion does not raise any novel issues of law.  Therefore, the Asbestos Constituents respectfully request that the Court waive any requirement that a separate memorandum of points and authorities be submitted with respect to this Motion.

### Statement of Conference Pursuant to D. Del. L.R. 7.1.1

Counsel for the Asbestos Constituents have conferred with counsel for the Debtors regarding the relief requested in this Motion.  The Debtors have indicated that they do not consent to the relief requested herein.

### Notice

Notice of this Motion and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Official Committees of Unsecured Creditors, and (iv) counsel for the Official Committee of Equity Security Holders.  Accordingly, the Asbestos Constituents believe that such notice of the Motion is appropriate and sufficient.

### Conclusion

For the foregoing reasons, the Asbestos Constituents respectfully request that the Court grant this Motion and expedite the hearing and disposition of this Appeal.  A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | CAMPBELL & LEVINE, LLC |

/s/ Roger Frankel
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*


BILZIN SUMBERG BAENA
PRICE & AXELROD LLP

/s/ Scott L. Baena
Scott L. Baena
Jay M. Sakalo
Matthew Kramer
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
Telephone: (305) 374-7580

Theodore J. Tacconelli (#2678)
Lisa L. Coggins (#4234)
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555

*Counsel for the Official Committee of*
*Asbestos Property Damage Claimants*

/s/ Mark T. Hurford
Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

Dated: December 1, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

**W.R. GRACE & CO., et al.**

---

| | | |
|---|---|---|
| **Official Committee of Asbestos** | ) | |
| **Personal Injury Claimants, et al.,** | ) | |
| | ) | Civil Action No. 06-689 |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. Grace & Co., et al., | ) | |
| | ) | Bankruptcy Case No. 01-1139 |
| Appellees. | ) | Appeal No. 06-63 |

## ORDER

AND NOW, this ____ day of _____, 2006, upon consideration of the Appellants' Motion to Expedite Review of Appeal (the "Motion"), IT IS ORDERED:

That the Motion is GRANTED.

The Court shall hear oral argument on the appeal on _____, 2007.

BY THE COURT:

_____
Honorable Ronald L. Buckwalter, Sr. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

**W.R. GRACE & CO., et al.**

---

| | | |
|---|---|---|
| **Official Committee of Asbestos** | ) | |
| **Personal Injury Claimants, et al.,** | ) | |
| | ) | Civil Action No. 06-689 |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. Grace & Co., et al., | ) | |
| | ) | Bankruptcy Case No. 01-1139 |
| Appellees. | ) | Appeal No. 06-63 |

**CERTIFICATE OF SERVICE**

    I, DEBRA L. FELDER, do hereby certify that I am over the age of 18, and that on this 1st day of December, 2006, I caused copies of the Appellants' Motion to Expedite Review of Appeal to be served by email and first class mail, postage prepaid, on those individuals shown in the attached service list.


                                           */s/ Debra L. Felder*
                                           Debra L. Felder
                                           Orrick, Herrington & Sutcliffe LLP

**SERVICE LIST**

| | |
|---|---|
| Kirkland & Ellis LLP<br>David M. Bernick, P.C.<br>Janet S. Baer<br>Salvatore F. Bianca<br>200 East Randolph Drive<br>Chicago, Illinois  60601<br><br>david_bernick@chicago.kirkland.com<br>jbaer@kirkland.com<br>sbianca@kirkland.com | Pachulski Stang Ziehl Young Jones & Weintraub LLP<br>Laura Davis Jones<br>James E. O'Neill<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware  19899-8705<br><br>ljones@pszyjw.com<br>joneill@pszyjw.com |
| Stroock & Stroock & Lavan LLP<br>Lewis Kruger<br>Kenneth Pasquale<br>180 Maiden Lane<br>New York, New York  10038<br><br>lkruger@stroock.com<br>kpasquale@stroock.com | Duane Morris LLP<br>Michael R. Lastowski<br>Richard W. Riley<br>1100 North Market Street, Suite 1200<br>Wilmington, Delaware  19801<br><br>mlastowski@duanemorris.com<br>rwriley@duanemorris.dom |
| Duane Morris LLP<br>William S. Katchen<br>744 Broad Street, Suite 1200<br>Newark, New Jersey  07102<br><br>wskatchen@duanemorris.com | Kramer Levin  Naftalis & Frankel LLP<br>Philip Bentley<br>Gregory Horowitz<br>Gary M. Becker<br>919 Third Avenue<br>New York, New York  10022<br><br>pbentley@kramerlevin.com<br>ghorowitz@kramerlevin.com<br>gbecker@kramerlevin.com |
| Buchanan Ingersoll & Rooney, PC<br>Teresa K.D. Currier<br>The Brandywine Building<br>1000 West Street, Suite 1410<br>Wilmington, Delaware  19801<br><br>Teresa.currier@bipc.com | David M. Klauder<br>Trial Attorney<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware  19801<br><br>david.klauder@usdoj.com |