IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., et al.

---

| | | |
|---|---|---|
| Official Committee of Asbestos Personal Injury Claimants, et al., | ) ) ) | Civil Action No. 06-689 |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| W.R. Grace & Co., et al., | ) ) | Bankruptcy Case No. 01-1139 |
| Appellees. | ) ) | Appeal No. 06-63 |

**DECLARATION IN SUPPORT OF APPELLANTS' MOTION
TO EXPEDITE REVIEW OF APPEAL**

1.  I, David T. Austern, the court-appointed legal representative for future asbestos claimants (the "FCR"), hereby submit this Affidavit in support of the Motion to Expedite Review of Appeal (the "Motion to Expedite") filed by me, the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee," and together with the FCR and ACC, the "Asbestos Constituents" or "Appellants"), by their respective counsel.[1]

---

[1] The Appellees responded to the Motion to Expedite on procedural not substantive grounds, arguing that the Appellants failed to follow the requirements of Bankruptcy Rule 8011(d). See Appellees' Response to Appellants' Motion to Expedite Review of Appeal, D.I. 15. The Appellants believe that Bankruptcy Rule 8011(d) does not apply here because it applies "[w]henever a movant requests expedited action on a *motion*," and does not apply to a request for an expedited hearing and disposition of an appeal. Fed. R. Bankr. P. 8011(d) (emphasis added). Nevertheless, the Appellants submit this Affidavit in order to eliminate this issue.

2. It is my understanding that the ACC and PD Committee were formed in April and May 2001, respectively, and are charged with representing the interests of present asbestos personal injury claimants and present asbestos property damage claimants, respectively.

3. On May 24, 2004, I was appointed by the Bankruptcy Court[2] as the future claimants' representative pursuant to section 524(g)(4)(B)(i) of the Bankruptcy Code. 11 U.S.C. § 524(g)(4)(B)(i). I am charged with representing the interests of future asbestos personal injury claimants.

4. Prior to my appointment as the FCR in the W.R. Grace bankruptcy proceedings, I have served for many years as the General Counsel of the Johns Manville Asbestos Settlement Trust and as the President of Claims Resolution Management Corporation, the entity which reviews and processes asbestos personal injury claims filed against the Manville Trust. In those capacities, I have had numerous discussions with experts on asbestos-related issues, including medical issues, and have become personally knowledgeable about many aspects of asbestos-related diseases and asbestos litigation.

5. On October 3, 2006, the Bankruptcy Court entered an order extending the Debtors' exclusive periods to file and solicit votes on a plan of reorganization to July 2007 (the "Order"), seven months from now. I objected to the entry of that Order.

6. It is my understanding that the Order is an absolute bar to any party's (other than the Debtors') ability to file a plan of reorganization. I believe that the Debtors' proposed plan is not confirmable, and further that all parties will have to wait, now at least until July 2007, before a confirmable plan can be filed. Accordingly, I believe that terminating the

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Brief of Appellants (D.I. 13) (the "Brief") and the Motion to Expedite (D.I. 14).

Debtors' exclusive right to file a plan as soon as possible, which will permit parties in addition to the Debtors to propose plans of reorganization, will accelerate the Debtors' bankruptcy cases to resolution.

7.  I believe that asbestos claimants are continuing to suffer harm from the extended delay in resolving these cases (which have been pending for over five and one-half years). Aside from the obvious inequity of making asbestos claimants, some of whom are very sick, wait endlessly for payment on their claims, the repeated and serial extensions of the Debtors' exclusive periods have real life and death consequences. Individuals who contract mesothelioma from exposure to asbestos-containing products rarely live more than eighteen months. Thousands of mesothelioma claims were pending against the Debtors when they first filed for bankruptcy in 2001, and other individuals have developed, or will develop, mesothelioma or other cancers as a result of their exposure to the Debtors' asbestos-containing products. It is almost certain that thousands of victims with claims against the Debtors have already died, and others will die, while the Debtors' bankruptcy cases are pending. These victims and their estates are barred from seeking relief from the Debtors because of the Bankruptcy Code's automatic stay. Thus, in my view, the longer the Debtors are permitted to cling to exclusivity, the longer these cases will languish and the longer the real victims will suffer irreparable harm without any recourse to the Debtors.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge, information and belief.

Dated: December 8, 2006

/s/ David T. Austern
David T. Austern

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., et al.

---

| | | |
|---|---|---|
| Official Committee of Asbestos Personal Injury Claimants, et al., | ) ) ) | |
| Appellants, | ) ) ) | Civil Action No. 06-689 |
| v. | ) ) | |
| W.R. Grace & Co., et al., | ) ) | Bankruptcy Case No. 01-1139 |
| Appellees. | ) | Appeal No. 06-63 |

## CERTIFICATE OF SERVICE

    I, ROSE M. MEADE, do hereby certify that I am over the age of 18, and that on this 8th day of December, 2006, I caused copies of the Declaration in Support of Appellants' Motion to Expedite Review of Appeal to be served by email and first class mail, postage prepaid, on those individuals shown in the attached service list.

Rose M. Meade
Orrick, Herrington & Sutcliffe LLP

## SERVICE LIST

| | |
|---|---|
| Kirkland & Ellis LLP<br>David M. Bernick, P.C.<br>Janet S. Baer<br>Salvatore F. Bianca<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br><br>david_bernick@chicago.kirkland.com<br>jbaer@kirkland.com<br>sbianca@kirkland.com | Pachulski Stang Ziehl Young Jones & Weintraub LLP<br>Laura Davis Jones<br>James E. O'Neill<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br><br>ljones@pszyjw.com<br>joneill@pszyjw.com |
| Stroock & Stroock & Lavan LLP<br>Lewis Kruger<br>Kenneth Pasquale<br>180 Maiden Lane<br>New York, New York 10038<br><br>lkruger@stroock.com<br>kpasquale@stroock.com | Duane Morris LLP<br>Michael R. Lastowski<br>Richard W. Riley<br>1100 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br><br>mlastowski@duanemorris.com<br>rwriley@duanemorris.com |
| Duane Morris LLP<br>William S. Katchen<br>744 Broad Street, Suite 1200<br>Newark, New Jersey 07102<br><br>wskatchen@duanemorris.com | Kramer Levin Naftalis & Frankel LLP<br>Philip Bentley<br>Gregory Horowitz<br>Gary M. Becker<br>919 Third Avenue<br>New York, New York 10022<br><br>pbentley@kramerlevin.com<br>ghorowitz@kramerlevin.com<br>gbecker@kramerlevin.com |
| Buchanan Ingersoll & Rooney, PC<br>Teresa K.D. Currier<br>The Brandywine Building<br>1000 West Street, Suite 1410<br>Wilmington, Delaware 19801<br><br>Teresa.currier@bipc.com | David M. Klauder<br>Trial Attorney<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br><br>david.klauder@usdoj.com |

US_EAST:160139577.1